Filed 6/6/13  Knight v. Super. Ct. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT
### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| MARK KNIGHT, | D063819 |
| Petitioner, | |
| v. | (Imperial County Super. Ct. No. ECU06566) |
| THE SUPERIOR COURT OF IMPERIAL COUNTY, | |
| Respondent; | |
| CHAD KEY et al., | |
| Real Parties in Interest. | |

PROCEEDINGS in mandate after superior court denied motion to quash deposition subpoena.  Juan Ulloa, Judge.  Petition granted in part.

## FACTUAL AND PROCEDURAL BACKGROUND

Chad Key and 24 real parties in interest (the homeowners) filed a civil suit against D.R. Horton, Inc. (D.R. Horton) and others. In their second amended complaint, the homeowners assert a single cause of action for violation of the building standards for original construction pursuant to Civil Code section 896 et seq. Generally, the homeowners allege that the houses in their development—built by D.R. Horton and the other defendants—are materially defective and deficient in a number of ways. They seek damages to cover the cost of repairing their homes and to compensate them for consequential and incidental damages.

Petitioner Mark Knight is not a party to this action. Knight is the president of FrontLine Response, LLC (FrontLine), an "independent company that contracts with home builders to serve as an extension of their warranty department. In that capacity, FrontLine, with permission from homeowners, investigates issues homeowners may have with their home and forwards the requested repairs to the builder." D.R. Horton retained FrontLine to contact the homeowners after they initiated this litigation. FrontLine employees talked to the homeowners and offered to have their houses fixed in return for the homeowners signing a form letter asking their attorney to dismiss them from this action. The homeowners contend this conduct violates Civil Code section 913, which prohibits a builder or its representatives from contacting plaintiffs outside the presence of their attorney.

2

The homeowners served a deposition subpoena on Knight, seeking to take his deposition and asking him to produce certain documents. Knight's petition concerns only two of those document requests: those seeking (1) "training materials provided by FrontLine Response, LLC to employees"; and (2) information about "payments received by YOU from D.R. Horton for work performed regarding any homes involved in the lawsuit."

Knight moved to quash the deposition subpoena. In a declaration, Knight asserts that the requested training materials include trade secret information which is not subject to disclosure. Knight also contends the request for documents concerning payments by D.R. Horton to FrontLine violates his right to privacy regarding financial information.

The trial court denied the motion to quash. At the hearing on the motion, the court acknowledged the training manual constitutes a trade secret, but found the information could be adequately shielded by a protective order. According to the court, disclosure is warranted because "all of those matters seem, to me, to be relevant at least in terms of possibly leading to discoverable or admissible evidence."

In this petition, Knight contends the denial was improper and asks us to direct the trial court to limit the ordered production. We requested an informal response to the petition and issued *Palma* notice. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)

DISCUSSION

According to Knight, FrontLine derives economic value from its training manual, which includes information and techniques not generally known by other similar businesses in its "niche industry." FrontLine takes several measures to protect the manual from disclosure. The homeowners do not challenge Knight's declaration or otherwise dispute that the FrontLine training materials are a protected trade secret as defined by Civil Code section 3426.1, subdivision (d).

Evidence Code section 1060 creates a privilege for trade secrets and authorizes the owner of a trade secret to refuse to disclose the secret "if the allowance of the privilege will not tend to conceal fraud or otherwise work injustice." In *Bridgestone/Firestone, Inc. v. Superior Court* (1992) 7 Cal.App.4th 1384, the court applied Evidence Code section 1060 in the context of civil discovery. The court held that it would be error to order disclosure of a trade secret simply because such information would be discoverable under the general standard for discovery of matter that " 'appears reasonably calculated to lead to the discovery of admissible evidence.' " (*Bridgestone/Firestone, Inc. v. Superior Court, supra,* at p. 1390; see also Code Civ. Proc., § 2017.010.) As the court explained, that standard applies only to matters that are not privileged. (*Bridgestone/Firestone, Inc. v. Superior Court, supra,* at pp. 1390-1391.) Because Evidence Code section 1060 creates a privilege for trade secrets, use of a heightened standard is necessary before

4

disclosure of documents containing trade secrets will be compelled. (*Bridgestone/Firestone, Inc. v. Superior Court, supra,* at p. 1393.)

Under this heightened standard, the party seeking discovery "must make a prima facie, particularized showing that the information sought is relevant and necessary to the proof of, or defense against, a material element of one or more causes of action presented in the case, and that it is reasonable to conclude that the information sought is essential to a fair resolution of the lawsuit." (*Bridgestone/Firestone, Inc. v. Superior Court, supra,* 7 Cal.App.4th at p. 1393.)

Here, rather than applying the heightened standard for discovery of a privileged trade secret, the respondent court applied the general standard for discovery under Code of Civil Procedure section 2017.010. The court found the training manual was subject to discovery because "all of those matters seem, to me, to be relevant *at least in terms of possibly leading to discoverable or admissible evidence.*" This discovery standard does not apply to privileged trade secret documents. (*Bridgestone/Firestone, Inc. v. Superior Court, supra,* 7 Cal.App.4th at p. 1390.)

Although the court also ordered the parties to prepare a protective order in an attempt to protect the trade secret information, such an order is appropriate only *after* the party seeking discovery meets its burden of establishing that the information sought is *directly relevant and its disclosure is necessary.* (*Bridgestone/Firestone, Inc. v. Superior Court, supra,* at p. 1393.) The court could not have required disclosure subject to a

5

protective order unless it first found that the homeowners met their burden.  By failing to

do so, the court erred.

Because Knight's entitlement to relief is clear and the law is well-settled, we conclude a peremptory writ in the first instance is proper. (Code of Civ. Proc., § 1088; *Alexander v. Superior Court* (1993) 5 Cal.4th 1218, 1222-1223, disapproved on another ground in *Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 724, fn. 4; *Ng v. Superior Court* (1992) 4 Cal.4th 29, 35.)

### DISPOSITION

Let a writ of mandate issue directing the superior court to vacate its March 5, 2013 order insofar as it directs Knight to provide trade secret information to real parties in interest and to reconsider the issue under the proper standard. In all other respects, the petition is denied. The stay issued by this court on May 7, 2013 is vacated. Knight is entitled to costs in the writ proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A).) This opinion is made final immediately as to this court. (Cal. Rules of Court, rule 8.490(b)(3).)

IRION, J.

WE CONCUR:

O'ROURKE, J.

McINTYRE, Acting P. J.